## Kurey v. Koczenocz.

*Practice, C. P.—Justice of the peace—Appeals from justice—Pleading—Plaintiff's statement — Striking off — Affidavit—Acts of May 14, 1915, and April 14, 1921.*

1. The Act of April 14, 1921, P. L. 144, amending the Practice Act of May 14, 1915, P. L. 483, so as to include appeals from justices of the peace, and thereby providing for a plaintiff's statement and affidavit of defence on such appeals, will be liberally construed.

2. A plaintiff's statement of claim, on an appeal from a justice of the peace, will not be stricken from the record because the affidavit is made upon information and belief without an averment of an expectation of ability to prove the facts alleged: Schleicher *v.* Hunsicker, 10 Lehigh Co. L. R. 181, followed.

Appeal from justice of the peace. C. P. Lehigh Co., June T., 1923, No. 127.

*William H. Schneller,* for plaintiff.

*Daniel M. Garrahan,* for defendant and motion.

IOBST, J., March 3, 1924.—This proceeding is an appeal from a justice of the peace.

The plaintiff filed his statement of claim on July 5, 1923.

On July 21, 1923, the defendant filed a motion to strike plaintiff's statement from the record, alleging the following reason: "Plaintiff's Statement is in Violation of the Practice Act, nineteen fifteen, in that the affidavit in and to said statement of claim is insufficient in law, for the reason that, being made by the plaintiff upon information and belief, it does not conclude or include also the averment of an expectation to be able to prove the facts alleged."

On April 2, 1923, this court filed an opinion by President Judge Reno, in the case of Schleicher *v.* Hunsicker [4 D. & C. 309], on motion to strike off a statement in an appeal case, *inter alia,* as follows: "The legislative mandate subjecting appeals to the Court of Common Pleas from judgments of justices of the peace to the provisions of the Practice Act of 1915, is, at best, an unscientific extension of the principles of pleading to proceedings which immemorially have been conducted *ore tenus.* Therefore, we are not disposed to be astute or assiduous in discovering defects in the statements and affidavits of defence. Unless a party can affirmatively show that he is actually injured or prejudiced by the pleading, or that the preparation of his case for trial is thereby made more difficult, we will not encourage *in limine* examination of such pleadings. This disposition does not arise from any desire to shirk the labors incident thereto, but results from an ambition to save parties the expense and delay involved by such procedure. Litigants are entitled to an easy, cheap and effective system of judicature, whereby controversies involving comparatively small amounts may be speedily adjudicated. That system the people provided through constitutional provisions creating justices' courts, and although the legislature has now placed an onerous obstacle in the way of the complete realization of that aim, we shall not lend our assistance to thwart it entirely by applying to these pleadings the strict rules of technical common-law pleading. The reasons which support this conclusion would support a like determination concerning motions to strike off pleadings in actions originally instituted here. The Practice Act of May 14, 1915, P. L. 483, was designed to simplify, not complicate, the process of pleadings; and the motion to strike off should be employed only when the form of the pleading under attack is so flagrant a violation of the provisions of the act that an adversary is actually injured and prejudiced thereby. Unless that factor appears, the questions raised by the motion are likely to be merely academic, and, to

Kurey v. Koczenocz.

that extent, tempt litigants to indulge in a vain pursuit of the shadow instead of the substance of their claims. That court best serves the law which, while affording parties every facility for securing even and exact justice, also discourages anything that tends to obstruct and delay its proceeding without promoting the great end of all litigation. However, while we have thus indicated our views upon motions to strike off pleadings generally, the present determination applies only to the pleadings on appeals from justices of the peace."

The court will not now deviate from this opinion.

*Decree.*

Now, March 3, 1924, the motion to strike plaintiff's statement of claim from the record is dismissed and the defendant is directed to file his affidavit of defence within fifteen days.

From James L. Schaadt, Allentown, Pa.